IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02365-BNB

VALENTE HERNANDEZ-PIEDRA,

    Applicant,

v.

MR. MILYARD, Warden, Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Valente Hernandez-Piedra, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Hernandez-Piedra initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County, Colorado, district court case number 03CR1030. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On October 22, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On November 5, 2009, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and that Applicant failed to exhaust state court remedies as to his

asserted claims, which now are procedurally defaulted. Mr. Hernandez-Piedra did not file a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe liberally Mr. Hernandez-Piedra's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Hernandez-Piedra was convicted by a jury in Adams County District Court case number 03CR1030 on one count of aggravated robbery, two counts of felony menacing with a deadly weapon, and an accompanying crime-of-violence sentence enhancer count. On January 7, 2004, he was sentenced to fifteen years in prison for the aggravated robbery and to six-year terms for each of the menacing counts, to be served concurrently with each other and with the aggravated robbery sentence. Mr. Hernandez-Piedra appealed directly to the Colorado Court of Appeals, which on September 22, 2005, affirmed. *See People v. Hernandez-Piedra*, No. 04CA0360 (Colo. Ct. App. Sept. 22, 2005) (not published). On February 13, 2006, the Colorado Supreme Court denied certiorari review. Mr. Hernandez-Piedra does not allege that he sought certiorari review in the United States Supreme Court.

On June 19, 2006, Mr. Hernandez-Piedra filed a postconviction motion for sentence reconsideration, which the trial court denied on June 21, 2006. He did not appeal from the denial.

On August 3, 2007, Mr. Hernandez-Piedra filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on August 10, 2007. Applicant appealed and filed an opening brief. The Colorado Court of Appeals rejected the appeal without receiving an answer brief from the state. *See **People v. Hernandez-Piedra***, No. 07CA2340 (Colo. App. Aug. 14, 2008) (not published). Mr. Hernandez-Piedra did not petition for certiorari review in the Colorado Supreme Court. On September 29, 2009, he submitted the instant habeas corpus application to this Court, which filed the application on October 5, 2009.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Hernandez-Piedra did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on February 13, 2006, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from February 14, 2006, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on May 14, 2006, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). However, because May 14, 2006, fell on a Sunday, the time for filing a certiorari petition in the United States Supreme Court was extended until Monday, May 15, 2006.

Mr. Hernandez-Piedra does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on May 16, 2006, the day after his conviction became final, and expired on May 16, 2007.

4

The 34 days between May 16, 2006, and June 19, 2006, when Mr. Hernandez-Piedra filed his motion for sentence reconsideration, count against the one-year limitation period. The one-year limitation period was tolled from June 19, 2006, when Mr. Hernandez-Piedra filed the motion for sentence reconsideration, until June 21, 2006, when the trial court denied the motion for sentence reconsideration, plus the period from June 21, 2006, to August 5, 2006, the 45 days during which Mr. Hernandez-Piedra could have sought an appeal under state law. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b). However, because August 5, 2006, was a Saturday, the last day for Mr. Hernandez-Piedra to appeal his motion for sentence reconsideration was Monday, August 7, 2006.

The 361 days between August 7, 2006, the last day for Mr. Hernandez-Piedra to appeal from the denial of his motion for sentence reconsideration, until August 3, 2007, when Mr. Hernandez-Piedra filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c), also count against the one-year limitation period. At the time Mr. Hernandez-Piedra filed his Colo. R. Crim. P. 35(c) postconviction motion on August 3, 2007, 395 days counted against the one-year limitation period. The Colo. R. Crim. P. 35(c) motion did not toll the one-year limitation period because it was filed after the one-year limitation period expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations."). Therefore, by the time Mr. Hernandez-Piedra submitted his application to this Court on September 29, 2009, the limitation period had expired. The instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Hernandez-Piedra bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Hernandez-Piedra fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Hernandez-Piedra fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that a certificate of appealability is denied.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02365-BNB

Valente Hernandez-Piedra
Reg No. 120366
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk